| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>SCURA, WIGFIELD, HEYER<br>STEVENS & CAMMAROTA, LLP<br>1599 Hamburg Turnpike<br>Wayne, New Jersey 07470<br>Tel.: (973) 435-0179<br>Rahaf Alrehaili, Esq.<br>ralrehaili@scura.cm<br>Counsel for *Paterson Police Federal Credit Union* | |
| In Re:<br><br>    HOMMY CRUZ,<br>        *aka* Hommy Enrique Cruz<br>        *aka* Hommy E. Cruz<br>                        Debtor. | Case No.:    25-23374-SLM<br>Chapter:      13<br>Hearing Date: 10/01/2026 at 10:00am<br>Judge:         Stacey L. Meisel |

## OBJECTION TO CONFIRMATION

COMES NOW, *Paterson Police Federal Credit Union* ("Creditor"), by and through the undersigned counsel, pursuant to Bankruptcy Rule 3015(f), and hereby objects to confirmation of the Hommy Cruz's (hereinafter the Debtor) Chapter 13 Plan and in support thereof states as follows:

1. On December 18, 2025, the Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code.

2. The petition provides for a total of unsecured claims in the amount of $95,597.47.

3. Paterson Police Federal Credit Union ("Creditor") holds two claims against the Debtor. One is a secured claim arising from BMW vehicle financing in the amount of $18,410.10, and unsecured claim arising from a personal loan in the amount of $9,269.01.

4. According to the Debtor's schedules, the Debtor's former spouse is obligated to pay the Debtor $75,000 representing his interest in real property located at 663 West Shore Trail, Sparta, New Jersey.

5. Additionally, the petition lists a 2017 Mercedes valued at $16,063.00, with a claim by Paterson Police Federal Credit Union in the amount of $18,752.11. However, the loan with Paterson Police Federal Credit Union was paid in full on or about September 15, 2025, and the creditor no longer has any claim against the vehicle. Accordingly, the non-exempt equity in the 2017 Mercedes is $16,063.00.

6. The schedules further reflect nonexempt equity totaling $120,707.07, consisting of $75,000 from the divorce judgment, and $29,707.07 in nonexempt equity in 2008 Chevrolet Corvette, and additional $16,063.00 from the nonexempted equity in the 2017 Mercedes.

## ARGUMENTS

A. *Failure to Schedule all Assets and Liabilities*

The Debtor failed to schedule ownership of a BMW 5-Series vehicle that was financed approximately one month prior to the bankruptcy filing. In addition, the Debtor's schedules contain inaccurate deduction for vehicle payments. Specifically, the schedules list a monthly payment of $866.67 to the Creditor for the car. while the actual payment to the Creditor for the BMW is only $388.36 per month.

These erroneous deductions improperly inflate the debtor's monthly expenses, resulting in the debtor's failure to pay all projected disposable income to the plan as required by 11 U.S.C. § 1325(b)(1)(B).

B. *Failure to Properly Treat Secured Claims*

The Debtor's Chapter 13 plan fails to provide any treatment for the BMW 5-Series financing agreement, despite the Creditor's secured claim in the amount of $18,410.10. Chapter 13 plan must provide for each allowed secured claim or obtain the secured creditor's consent. See 11 U.S.C. § 1325(a)(5). The plan's failure to address the BMW financing agreement renders the plan unconfirmable.

Furthermore, the Debtor is two months behind on car payments post-petition. The Debtor's plan must provide for ongoing, timely monthly payments to Paterson Police Federal Credit Union.

C. *Improper Pro Rata Distribution Despite Substantial Nonexempt Equity*

The Debtor proposes a pro rata distribution to unsecured creditors despite possessing substantial nonexempt assets totaling $120,707.07. The Bankruptcy Code requires that unsecured creditors receive at least as much under a Chapter 13 plan as they would receive in a hypothetical Chapter 7 liquidation. See 11 U.S.C. § 1325(a)(4).

Given the significant nonexempt equity available for liquidation, the proposed pro rata distribution fails to satisfy the liquidation value test and violates § 1325(a)(4). Accordingly, the Creditor objects to any plan treatment providing less than 100% payment to unsecured creditors, particularly where total unsecured and priority claims in this case according to the schedules is $95,597.47 which is less than the amount of the nonexempt equity in this case.

D. *Disposable Income and Feasibility Issues*

The Debtor's schedules inflate expenses and minimize disposable income. The schedules list a vehicle payment of $866.67, however, the actual BMW payment is $388.36, resulting in an additional $478.31 in monthly disposable income that must be committed to the plan pursuant to 11 U.S.C. § 1325(b)(1).

The schedules also include duplicative and/or unclear entries for alimony and child support. The Debtor must provide clarification and supporting documentation reflecting the actual payment obligations, and any amounts not actually paid must be included in the disposable income calculation.

Finally, Schedule I reflects a retirement loan repayment obligation. Upon satisfaction of that loan, the Debtor must commit the full amount of the former loan payment to the plan.

## CONCLUSION

WHEREFORE, Paterson Police Federal Credit Union respectfully requests that the Court deny confirmation of the Debtor's Chapter 13 plan and require the Debtor to file an amended plan and schedules that fully comply with all applicable provisions of the Bankruptcy Code.

Dated: January 26, 2026                                By: */s/Rahaf Alrehaili*
                                                                            Rahaf Alrehaili, Esq.
                                                                            Counsel for *Paterson Police Federal Credit Union*